Lin v. Garland

BIA
Poczter, IJ
A076 683 998

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand twenty-one.

PRESENT:
>        PIERRE N. LEVAL,
>        ROBERT D. SACK,
>        RAYMOND J. LOHIER, JR.,
>
>        *Circuit Judges.*

_____

LUNG LIN, AKA RONG LIN,
>        *Petitioner*,

>        v.                                             19-3062
>                                                       NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:                Jean Wang, Wang Law Office, PLLC,
                               Flushing, NY.

FOR RESPONDENT:                Joseph H. Hunt, Assistant Attorney
                               General; Stephen J. Flynn,

Assistant Director; Kathryn McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Lung Lin, a native and citizen of China, seeks review of a September 16, 2019, decision of the BIA affirming a September 28, 2018, decision of an Immigration Judge ("IJ") denying his motion to reopen. *In re Lung Lin a.k.a. Rong Lin,* No. A076 683 998 (B.I.A. Sept. 16, 2019), *aff'g* No. A076 683 998 (Immig. Ct. NY City Sept. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Contrary to Lin's assertion, the agency did not ignore his argument for equitable tolling and sua sponte reopening; it assumed arguendo that Lin's motion was timely and not number-barred and considered the merits. The agency may deny a motion to reopen if the movant fails to

2

establish his prima facie eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

Lin argued that he established his prima facie eligibility for cancellation of removal given the decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Under *Pereira*, Lin's notice to appear ("NTA"), which did not contain a hearing date or time, was deficient and did not stop time for calculating the physical presence required for cancellation of removal. The agency concluded that his defective NTA was perfected when he received a hearing notice providing the date and time of his hearing. The Supreme Court has since rejected the agency's position, holding that an NTA that does not contain a hearing date and time as required by *Pereira* is not cured for purposes of the stop-time rule by a subsequent hearing notice that provides the missing information. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). Accordingly, the agency erred in its conclusion that Lin failed to establish his prima facie eligibility for cancellation of removal.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is

3

REMANDED for further proceedings.  All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe
                                    Clerk of Court